IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANNAH GEARY, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEIBEL CATHOLIC JUNIOR SENIOR | ) | |
| HIGH SCHOOL, PATRICIA NICKLER, | ) | |
| M.C. and COLE KENDALL, | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, HANNAH GEARY, by and through her attorneys, LAW

OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI,

ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil

Action as follows:

JURISDICTION AND VENUE

1.      This is an action to redress the deprivation by the Defendants of the Plaintiff's rights, and

in particular, the right to be free from a sexually hostile environment and pervasive harassment in

her education.  This action is brought against the Defendants for violating the Plaintiff's rights

under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction

over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the

Western District of Pennsylvania.

PARTIES

4.     Plaintiff, Hannah Geary, is an adult female individual who resides in Fayette County, Pennsylvania.

5.     Defendant, Geibel Catholic Junior-Senior High School ("Geibel"), is a private, Roman Catholic high school with administrative offices located at 611 East Crawford Avenue, Connellsville, Pennsylvania 15425. At all times relevant to this Complaint, Defendant Geibel received state and federal funding.

6.     At all times relevant hereto, Defendant Geibel was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

7.     Defendant, Patricia Nickler ("Nickler"), is an adult individual.  Plaintiff believes, and therefore avers, that Defendant Nickler is a resident of Fayette County.  Defendant Nickler is, and was, at all times relevant to this Complaint, the principal of Defendant Geibel.

8.     Defendant, M.C. ("M.C."), is a male minor child who resides in Fayette County, Pennsylvania.

9.     Defendant, Cole Kendall ("Kendall"), is an adult male individual who resides in Fayette County, Pennsylvania.

FACTUAL ALLEGATIONS

10.     Defendant Geibel is a Catholic high school located in Pennsylvania which receives federal and/or state funding.

11.     Plaintiff is, and was at all times relevant to this Complaint, a student of Defendant Geibel.

12.     Defendant Kendall is, and was, at all times relevant to this Complaint, a student of Defendant Geibel.

13.     In or about June of 2019, Defendant M.C. enrolled as a student of Defendant Geibel.

14.     On or about June 20, 2019, Plaintiff, Defendant Kendall and Defendant M.C. were on Defendant Geibel's property in order to complete mandatory volunteer service hours required by Defendant Geibel for graduation.

15.     Plaintiff believes, and therefore avers, that the only adult present in the building at that time was Defendant Geibel's secretary.  However, this individual was not supervising the Plaintiff, Defendant Kendall and/or Defendant M.C., all of whom were minor children at the time.

16.     Sometime during their volunteer hours, the Plaintiff, Defendant Kendall and Defendant M.C. entered a small hallway in order to retrieve cleaning supplies.

17.     At that time, Defendant M.C. instructed Defendant Kendall to vacate the area.  Defendant Kendall then left the hallway.

18.     Plaintiff believes, and therefore avers, that Defendant Kendall and M.C. conspired to allow Defendant M.C. commit the unlawful actions against the Plaintiff, as described hereinafter below.

19.     Thereafter, Defendant M.C. forcefully kissed the Plaintiff, picked the Plaintiff up and forced her down stairs and into a nearby bathroom.

20.     Plaintiff repeatedly objected to Defendant M.C.'s actions, described herein, and clearly stated "no" and "stop" several times.

21.     Despite Plaintiff's adamant and repeated objections to Defendant M.C.'s actions, Defendant M.C. then pulled his pants down.  He also forcefully attempted to pull the Plaintiff's pants down.

22.     At that time, Plaintiff's cellular phone, which was located in her pocket, fell to the ground as a direct result of Defendant's forceful attempts to remove the Plaintiff's pants from her body. This startled Defendant M.C. and, as a result, the Plaintiff was able escape from Defendant M.C., collect her cellular phone and leave the bathroom.

23.     As the Plaintiff left the bathroom, she observed that Defendant Kendall was located in the hallway.

24.     Plaintiff then left Defendant Geibel's property and immediately notified her parents of Defendant M.C.'s assault, described hereinbefore above.

25.     Thereafter, at or around 9 p.m., Plaintiff and her parents met with Defendant Nickler on Defendant Geibel's property and notified Defendant Nickler of Defendant M.C. and Kendall's unlawful conduct earlier that day, described hereinbefore above.

26.     The next day, Defendant Nickler informed the Plaintiff that her "case would be closed and not revisited" if she did not meet with Defendant Nickler, Defendant M.C. and Defendant M.C.'s parents on Defendant Geibel's property.

27.     As a direct result of Defendant Nickler's threats, as described hereinbefore above in Paragraph 26, Plaintiff was forced to meet with Defendant M.C. and discuss her assault with Defendant Nickler, Defendant M.C. and Defendant M.C.'s parents.

28.     In this meeting, Defendant M.C. denied that he had assaulted the Plaintiff and Defendant M.C.'s father openly called the Plaintiff a "liar."

29.     As a direct and proximate result of this meeting and Defendant Nickler's threats, as described hereinbefore above in Paragraph 26, the Plaintiff suffered severe emotional distress.

30.    Defendant Nickler then informed the Plaintiff's parents that she was unable to report the incident to any of the required agencies because it was "the weekend." Plaintiff believes, and therefore avers, that this reason is pretextual and unworthy of belief.

31.    Furthermore, Defendant Nickler instructed the Plaintiff and her parents not to discuss and/or report the incident to any other individual and/or entity.

32.    Neither Defendant M.C. nor Defendant Kendall were disciplined in any way by Defendant Nickler and/or Geibel for their inappropriate and unlawful actions, as described hereinbefore above.

33.    Plaintiff believes, and therefore avers, that Defendant Geibel and/or Defendant Nickler have actual knowledge of three (3) separate instances of assaults of a sexual nature on Defendant Geibel's property involving Defendant Kendall, not including the assaults of the Plaintiff, as described herein.

34.    Furthermore, these assaults were committed before the Plaintiff was subjected to the unlawful actions of Defendant M.C. and Kendall on Defendant Geibel's property.

35.    Plaintiff believes and therefore avers, that Defendant Nickler had actual knowledge of these instances of assault involving Defendant Kendall before the time of the Plaintiff's assault, as described hereinbefore above.

36.    On or about June 25, 2019, Defendant Nickler finally informed the police of the Plaintiff's assault by Defendant M.C., as described hereinbefore above, approximately five (5) days after the incident.

37.    From August of 2019 to the present, Plaintiff has been forced to attend school on Defendant Geibel's property with Defendant Kendall

38.     Plaintiff has expressed to Defendant Nickler on multiple occasions that, as a direct result of the incidents described herein, the Plaintiff does not feel comfortable or safe in the presence of Defendant Kendall

39.     Defendant Geibel and/or Defendant Nickler have failed to separate the Plaintiff and Defendant Kendall during school hours, despite multiple requests by the Plaintiff and her parents.

40.     Furthermore, Plaintiff has been subjected to a sexually hostile environment on Defendant Geibel's property and has been the target of pervasive harassment by Defendant Kendall and other male students as a direct result of the assaults by Defendant M.C. and Kendall, as described herein.

41.     Plaintiff has reported to Defendant Nickler the sexually hostile environment and pervasive harassment that the Plaintiff is subjected to while on Defendant Geibel's property.

42.     Despite Defendant Geibel and/or Nickler's actual knowledge of the sexually hostile environment and pervasive harassment that the Plaintiff is regularly subjected to, neither Defendant has taken any action to prevent it.

43.     On or about November 25, 2019, while on Defendant Geibel's property, Defendant Kendall intentionally grasped the Plaintiff's buttocks with his hand.  Defendant's Kendall's actions were unwanted, unprovoked and unjustified.

44.     Plaintiff immediately informed Defendant Nickler and her parents of this assault, as described hereinbefore in Paragraph 43.

45.     At that time, Plaintiff again reported to Defendant Nickler the sexually hostile environment and pervasive harassment that the Plaintiff is subjected to while on Defendant Geibel's property.

6

46.     Despite Defendant Geibel and/or Nickler's actual knowledge of the sexually hostile environment and pervasive harassment to which the Plaintiff is subjected while on Defendant Geibel's property, Defendants allowed the sexually hostile environment and pervasive harassment to continue.

47.     Plaintiff has suffered, and continues to suffer, from a sexually hostile environment on Defendant Geibel's property.

48.     The sexually hostile environment and harassment by Defendant Kendall and other male students on Defendant Geibel's property has adversely impacted the Plaintiff, the Plaintiff's educational experience and caused her extreme emotional distress.

49.     Furthermore, Defendant Kendall was not discipled by Defendant Geibel and/or Nickler in any way for his inappropriate and unlawful actions.

50.     As a direct result of the actions of the Defendants and the sexually hostile environment and pervasive harassment perpetuated by other students, the Plaintiff has missed multiple days of school due to extreme emotional distress, denying her equal access to an educational experience.

COUNT I:

PLAINTIFF v. DEFENDANT GEIBEL

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
THE EDUCATION AMENDMENTS OF 1979

<u>TITLE IX</u>

51.     Plaintiff incorporates by reference Paragraphs 1 through 50 as though fully set forth at length herein.

52.     Defendant Geibel is an educational institution and receives state and/or federal funding.

7

53.     As a student, Plaintiff was repeatedly subjected to a sexually hostile environment and pervasive harassment by other students on Defendant Geibel's property, as more fully described hereinbefore above.

54.     Defendant Geibel, through its agents, including but not limited to, Defendant Nickler, had actual knowledge of the sexually hostile environment and pervasive harassment by other students on its property, as more fully described hereinbefore above.

55.     Despite Defendant Geibel and Nickler's actual knowledge of the sexually hostile environment and pervasive harassment by other students that the Plaintiff suffered on Defendant Geibel's property, Defendants ratified this environment and permitted the sexual harassment to continue.

56.     As a direct result of the actions of the Defendant and the sexually hostile environment and pervasive harassment perpetuated by other students and ratified by Defendant Geibel and/or Nickler, the Plaintiff has missed multiple days of school due to extreme emotional distress, denying her equal access to an educational experience.

57.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant through its agents, Plaintiff suffered the following injuries and damages:

      a.     violation of the Plaintiff's rights under Title IX of the Education Amendments of 1972;

      b.     severe emotional distress, shock, horror, fright and psychological trauma;

      c.     extreme and severe damage to Plaintiff's educational experience;

      d.     economic damages related to any and all medical, legal, and/or other consequential costs; and

      e.     such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS GEIBEL AND NICKLER

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

FAILURE TO PROTECT

58.     Plaintiff incorporates by reference Paragraphs 1 through 57 as though fully set forth at length herein.

59.     Defendants Geibel and Nickler failed to protect the Plaintiff as a minor child in their charge.

60.     Based on the failure of the Defendants to protect the Plaintiff, the Plaintiff was attacked and suffered severe emotional injuries, as more fully set forth hereinbefore above.

61.     The failure of Defendant Geibel and Defendant Nickler to supervise students while on Defendant Geibel's property, despite actual knowledge of previous assaults made by Defendant Kendall, as described more fully hereinbefore above, created the conditions in which the Defendants failed to protect the Plaintiff.

62.     Furthermore, to date, Defendant Geibel and Defendant Nickler have failed to properly protect the Plaintiff from ongoing pervasive harassment by other students which has greatly affected the Plaintiff's educational experience.

63.     The actions of Defendant Nickler were willful, deliberate and were done with a reckless disregard for the rights of Plaintiff thereby subjecting Defendant Nickler to punitive damages.

64.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

      a.     violation of the Plaintiff's rights under Pennsylvania Common Law;

      b.     severe emotional distress, shock, horror, fright and psychological trauma;

      c.     extreme and severe damage to Plaintiff's educational experience;

      d.     economic damages related to any and all medical, legal, and/or other consequential costs; and

      e.     such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Nickler; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS GEIBEL AND NICKLER

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>NEGLIGENCE</u>

65.     Plaintiff incorporates by reference Paragraphs 1 through 64 as though fully set forth at length herein.

66.     Defendant Geibel and Defendant Nickler had a duty to properly supervise and protect students while students are on Defendant Geibel's property.

67.     As more fully described hereinbefore above, Defendant Geibel and Defendant Nickler failed in that duty, by allowing students to be on Defendant Geibel's property without proper adult supervision, as more fully described hereinbefore above.

68.     As a direct and proximate result of the Defendants' failure to properly supervise students, Defendant M.C. unlawfully assaulted the Plaintiff while on Defendant Geibel's property.

69.     The failure of the Defendants to properly supervise their students created a substantial risk of the unlawful actions identified herein.

70.     Furthermore, to date, Defendant Geibel and Nickler have failed to properly protect the Plaintiff from ongoing and pervasive sexual harassment by other students which has greatly impacted the Plaintiff's educational experience.

71.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Geibel and Defendant Nickler, Plaintiff suffered the following injuries and damages:

       a.     violation of the Plaintiff's rights under Pennsylvania Common Law;

       b.     severe emotional distress, shock, horror, fright and psychological trauma;

      c.        extreme and severe damage to Plaintiff's educational experience;

      d.        economic damages related to any and all medical, legal, and/or other consequential costs; and

      e.        such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Geibel and Nickler, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT NICKLER

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72.    Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth at length herein.

73.    Defendant Nickler had a duty to properly supervise and protect students while students are on Defendant Geibel's property.

74.    Defendants Nickler breached that duty by not providing proper supervision of students, which lead to the Plaintiff's assault by Defendant M.C., as more fully described hereinbefore above.

75.     As a direct and proximate result of the failure of Defendant Nickler to properly supervise students on Defendant Geibel's property, Plaintiff suffered injuries and damages, including severe emotional distress.

76.     The actions of the Defendant Nickler were negligent, extreme, outrageous, and without justification.

77.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Nickler, Plaintiff suffered the following injuries and damages:

    a.     violation of the Plaintiff's rights under Pennsylvania Common Law;

    b.     severe emotional distress, shock, horror, fright and psychological trauma;

    c.     extreme and severe damage to Plaintiff's educational experience;

    d.     economic damages related to any and all medical, legal, and/or other consequential costs; and

    e.     such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Nickler, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANTS M.C. and KENDALL

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

ASSAULT AND BATTERY

78.     Plaintiff incorporates by reference Paragraphs 1 through 77 as though fully set forth at length herein.

79.     Defendant M.C. intentionally, willfully and maliciously attacked the Plaintiff when he forcefully kissed the Plaintiff, picked the Plaintiff up, forced her down stairs and into a nearby bathroom and attempted to remove her pants from her body.  Defendant M.C. took these actions despite the Plaintiff's ongoing objections and statements of "no" and "stop."

80.     The actions of Defendant M.C. were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant M.C. to punitive damages.

81.     Plaintiff believes, and therefore avers, that Defendant Kendall and M.C. conspired to allow Defendant M.C. to commit unlawful actions against the Plaintiff, described hereinafter below.

82.     Defendant Kendall intentionally, willfully and maliciously attacked the Plaintiff when he grabbed her buttocks with his hand.  Defendant's Kendall's actions were unwanted, unprovoked and unjustified.

83.     The actions of Defendant Kendall were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Kendall to punitive damages.

84.     As a direct and proximate result of the acts described hereinbefore above perpetrated by

Defendant M.C. and Kendall, Plaintiff suffered the following injuries and damages:

    a.      violation of the Plaintiff's rights under Pennsylvania
            Common Law;

    b.      severe emotional distress, shock, horror, fright and psychological
            trauma;

    c.      extreme and severe damage to Plaintiff's educational experience;

    d.      economic damages related to any and all medical, legal, and/or
            other consequential costs; and

    e.      such other damages as may become apparent through the discovery
            process.

        WHEREFORE, Plaintiff demands compensatory general damages against Defendants

M.C. and Kendall in the amount proven at trial; compensatory special damages including, but

not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-

judgment interest as permitted by law; punitive damages against Defendants M.C. and Kendall

and such other relief, including injunctive and/or declaratory relief, as this Court may deem

proper.

                                    JURY TRIAL DEMANDED

                                        COUNT VI:

                        PLAINTIFF v. DEFENDANTS M.C. and KENDALL

                            VIOLATION OF PLAINTIFF'S
                        PENNSYLVANIA COMMON LAW RIGHTS

                                        CONSPIRACY

85.     Plaintiff incorporates by reference Paragraphs 1 through 84 as though fully set forth at

length herein.

86.     Defendant M.C. intentionally, willfully and maliciously attacked the Plaintiff, as described hereinbefore above.

87.     Plaintiff believes, and therefore avers, that Defendant Kendall and M.C. conspired to allow Defendant M.C. to commit the unlawful actions against the Plaintiff described hereinbefore above.

88.     The actions of Defendants Kendall and M.C. were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the Defendants to punitive damages.

89.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant M.C. and Kendall, Plaintiff suffered the following injuries and damages:

   a.     violation of the Plaintiff's rights under Pennsylvania Common Law;

   b.     severe emotional distress, shock, horror, fright and psychological trauma;

   c.     extreme and severe damage to Plaintiff's educational experience;

   d.     economic damages related to any and all medical, legal, and/or other consequential costs; and

   e.     such other damages as may become apparent through the discovery process.

   WHEREFORE, Plaintiff demands compensatory general damages against Defendants M.C. and Kendall in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants M.C. and Kendall

and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII:

PLAINTIFF v. DEFENDANTS NICKLER, M.C. and KENDALL

VIOLATION OF PLAINTIFF'S<br>PENNSYLVANIA COMMON LAW RIGHTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

90.     Plaintiff incorporates by reference Paragraphs 1 through 89 as though fully set forth at length herein.

91.     Defendants M.C. and Kendall acted in an intentional and outrageous manner in assaulting the Plaintiff and conspiring to allow Defendant M.C. to assault the Plaintiff, as more fully described hereinbefore above, which inflicted severe emotional distress upon the Plaintiff.

92.     Defendants M.C. and Kendall knew, or should have known, through the use of ordinary caution, that their conduct would result in emotional distress of the Plaintiff.

93.     The severe emotional distress of the Plaintiff, which resulted from Defendant M.C. and Kendall's conduct, was foreseeable and certain.

94.     The actions of Defendants M.C. and Kendall were willful, deliberate, and were done with reckless disregard for the rights of the Plaintiff, thereby subjecting Defendants M.C. and Kendall to punitive damages.

95.     Defendant Nickler acted in an intentional and outrageous manner in forcing the Plaintiff meet with Defendant M.C. and his parents to discuss her assault, as more fully described hereinbefore above, which inflicted severe emotional distress upon the Plaintiff.

17

96.     Defendant Nickler knew, or should have known, through the use of ordinary caution, that her conduct would result in severe emotional distress of the Plaintiff.

97.     The emotional distress of the Plaintiff, which resulted from Defendant Nickler's conduct, was foreseeable and certain.

98.     The actions of Defendant Nickler were willful, deliberate and done with reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Nickler to punitive damages.

99.     As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

      a.     violation of the Plaintiff's rights under Pennsylvania Common Law;

      b.     severe emotional distress, shock, horror, fright and psychological trauma;

      c.     extreme and severe damage to Plaintiff's educational experience;

      d.     economic damages related to any and all medical, legal, and/or other consequential costs; and

      e.     such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants M.C., Kendall and Nickler in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants M.C., Kendall and Nickler.; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

18

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: February 13, 2020